36 F.3d 1113
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary S. TURNER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7078.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Mary S. Turner's appeal for lack of jurisdiction. Mrs. Turner has not responded.*
 
 
 2
 In 1988, Mrs. Turner sought to reopen her claim for dependency and indemnity compensation based on her husband's death. The death certificate listed cardiac arrest as the immediate cause of death, and chronic renal failure was listed as a significant condition contributing to Mr. Turner's death. The regional office denied the claim. On appeal, the Board of Veterans Appeals determined that the newly submitted evidence, concerning Mr. Turner's renal disease and oropharyngeal cancer, did not establish a new factual basis to grant the claim. Mrs. Turner appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals, on the Secretary's motion, remanded the case to the Board to address whether Mr. Turner's oropharyngeal cancer should have been deemed presumptively service connected. On remand, the Board determined that the oropharyngeal cancer was service connected based on Mr. Turner's participation in radiation-risk activity. The Board reopened the claim and remanded the case to the regional office to obtain an expert medical opinion. Thereafter, the Board denied service connection for the cause of Mr. Turner's death, determining that (1) neither cardiovascular disease nor chronic kidney disability was present until after service and thus was not service connected, and (2) the cancer, although service connected, did not substantially contribute to Mr. Turner's death. Mrs. Turner appealed to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the Board's decision.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In her informal brief, Mrs. Turner argues that the cancer was one of the causes of Mr. Turner's death and that false records were considered as evidence. In sum, Mrs. Turner argues that the Court of Veterans Appeals made inaccurate factual determinations. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 
 *
 This court received, from the Court of Veterans Appeals, a copy of a letter that Mrs. Turner sent to the Secretary's counsel and to the Court of Veterans Appeals. Although that letter mentions the motion to dismiss, it does not address the merits of the motion